UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARIUS YOUNG                                          CIVIL ACTION

VERSUS                                                   21-282-SDD-EWD

UOP LLC

## RULING

This matter is before the Court on the *Motion to Review Taxation of Costs*[1] by Plaintiff, Darius Young ("Young" or "Plaintiff"). Defendant, UOP LLC ("UOP" or "Defendant") has not filed an opposition to this motion. For the following reasons, the Court will grant the motion in part and deny the motion in part.

**I.  BACKGROUND**

Plaintiff filed this lawsuit against Defendant, his employer, asserting claims under the Americans with Disabilities Act ("ADA")[2] and the Louisiana Employment Discrimination Law ("LEDL"),[3] following his termination under Defendant's Attendance Policy. Defendant filed a Motion for Summary Judgment, which the Court granted,[4] and judgment was entered in favor of Defendant.[5]

As the prevailing party, Defendant sought costs,[6] which Plaintiff opposed.[7] However, before the Court could address Plaintiff's opposition, the Clerk of Court

---

[1] Rec. Doc. 63.
[2] 42 U.S.C. § 12101, *et seq*.
[3] La. R.S. 23:332, *et seq*.
[4] Rec. Docs. 55 & 57.
[5] Rec. Doc. 58.
[6] Rec. Doc. 60.
[7] Rec. Doc. 61.

assessed costs in favor of the Defendant, which is its proper function.[8]  Plaintiff now moves the Court to review the taxation of costs, asking the Court to deny costs to Defendant or, alternatively, reduce the amount of costs taxed.[9]

## II. LAW & ANALYSIS

A district court reviews a Clerk of Court's award of costs by exercising its own discretion to "decide the cost question [it]self."[10] Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs, "other than attorney's fees," should be allowed to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise...."  Providing further explanation for this rule, in *Marx v. General Revenue Corp.*, the Supreme Court stated: "a statute 'provides otherwise' than Rule 54(d)(1) if it is 'contrary'" to the Rule."[11]  But "not all statutes that provide for costs are contrary to Rule 54(d)(1). A statute providing that 'the court may award costs to the prevailing party,' for example, is not contrary to the Rule because it does not limit a court's discretion."[12]  The statute at issue here, the ADA, provides for the award of such costs.  Specifically, Section 12205 of the ADA provides: "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party...a reasonable attorney's fee, including litigation expenses, and costs...."[13]

Plaintiff acknowledges that, in the Fifth Circuit, there is a strong presumption in

---

[8] Rec. Doc. 62.
[9] Rec. Doc. 63-2.
[10] *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964).
[11] 568 U.S. 371, 377 (quoting 10 J. Moore, Moore's Federal Practice § 54.101[1][c], p. 54–159 (3d ed. 2012)).
[12] *Id.* at 378 (quoting 10 Moore's § 54.101[1][c], at 54–159 ("A number of statutes state simply that the court may award costs in its discretion. Such a provision is not contrary to Rule 54(d)(1) and does not displace the court's discretion under the Rule")).
[13] 42 U.S.C. § 12205.

favor of such an award;[14] yet, he claims that there are two reasons for the Court to deny or reduce the costs taxed against him in this matter. Plaintiff contends a costs award is governed by the "*Christianburg* Standard" which employs a consideration of factors that weigh in his favor, primarily because his claims were not "frivolous, unreasonable, or without foundation."[15] Plaintiff maintains that the language found in Section 12205 of the ADA "means that a prevailing *defendant* should only be awarded fees under the *Christianburg standard*," i.e., where a "plaintiff's action was frivolous, unreasonable, or without foundation."[16]

Plaintiff invites this court to adopt the application of the "*Christianburg* Standard" used by the Ninth Circuit in *Brown v. Lucky Stores, Inc.*[17] which distinguishes attorney's fees from costs. The Court is more persuaded, however, by the reasoning of its sister court in *Webster v. LSU*, wherein the district court for the Eastern District of Louisiana, in considering the exact same argument, distinguished fees from costs.[18] The plaintiff in *Webster* challenged the costs taxed to him under the same section of the ADA and similarly argued that the court should follow the Ninth Circuit's reasoning in *Brown*, applying the *Christianburg* standard to fees **and** costs.[19] The court rejected this argument, finding that the cases cited in support predated the Supreme Court's decision in *Marx*.[20] Applying *Marx*, the *Webster* court determined that Section 12205 of the ADA, which provides that a court "may" allow the prevailing party fees and costs, does not limit

---

[14] *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).
[15] Rec. Doc. 63-2, p. 2.
[16] *Id.* (quoting *Christianburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978))(emphasis in original).
[17] 246 F.3d 1182, 1190 (9th Cir. 2001).
[18] No. 13-6613, 2016 WL 4467750 (E.D. La. Aug. 24, 2016).
[19] *Id.* at * 2.
[20] *Id.*

the court's discretion and therefore did not run contrary to Rule 54(d)(1). The court concluded that this permissive language allowed the court to award costs but did not "preclude the Court from taking any particular action with respect to costs."[21] Rejecting the plaintiff's argument that costs should be denied because his claim was not frivolous, the court reasoned:

> Because Section 12205 is not contrary, it does not "provide otherwise," and Rule 54(d)(1) governs the allocation of costs in this case. Accordingly, the Clerk's order is consistent with the "strong presumption" contained in the Rule that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). **The mere fact that Webster's suit was not frivolous is insufficient to overcome the presumption**. *Id*. at 795 ("The district court abused its discretion in denying costs to the prevailing party on the basis of plaintiff's good faith alone."). Defendants are therefore entitled to costs.[22]

While the Court finds sound the reasoning and conclusion reached by the court in *Webster*, the Court is also persuaded by the decision from the Southern District of Texas in *Jurach v. Safety Vision, LLC*,[23] that a reduction of costs may be appropriate in this case. In *Jurach*, the court dismissed the plaintiff's disability discrimination case on summary judgment, and costs were taxed against the plaintiff.[24] The plaintiff asked the court to deny costs entirely, arguing that she had limited resources, she pursued the case in good faith, and awarding costs against her would have a "chilling effect on other civil-rights plaintiffs."[25] The *Jurach* court was unconvinced: "But Jurach is not indigent, and her relatively limited resources do not permit her to avoid all the costs the prevailing party

---

[21] *Id.* at *3.
[22] *Id.* (emphasis added).
[23] No. H-14-044
[24] *Id.*
[25] *Id.* at *2.

incurred in this suit."[26] The court then highlighted the lack of legal support for this argument: "[t]hat Jurach pursued this action 'in a good faith belief that her employer had discriminated and retaliated against her is not a basis to deny costs;[27] [t]he Fifth Circuit has also declined to deny costs based on a 'chilling effect' on future civil rights plaintiffs."[28]

However, the *Jurach* court **did** find a basis to exercise its discretion to reduce the amount of costs taxed against the plaintiff. The court rejected the plaintiff's specific substantive objections to the merits of the costs claimed by the defendant: "The costs [the defendant] seeks are justified by the record, and there is no reason to delay taxing them."[29] The court made clear that "[n]either Jurach's limited resources, her good-faith basis for bringing her claims, or the nature of the case, standing alone, provide a basis for denying Safety Vision its taxable costs."[30] But the court continued, finding "however, that there is a basis for reducing the cost award based on Jurach's limited financial

---

[26] *Id.* (citing *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir.2013) (holding that it was inappropriate for the district court to consider the prevailing party's wealth in denying well-documented costs, but reserving the question of whether the losing party's "limited resources" could reduce a cost award); *Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99–100 (3d Cir.1995) (per curiam) (holding that the plaintiff's limited resources did not justify reducing the amount of the cost award, when it did not exceed what the plaintiff was able to pay); *see also Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir.1990) (noting that § 1915 "indicates that Congress intended for qualified litigants to be able to proceed without advancing costs, but that they may be ultimately liable for costs."); *Petri v. Kestrel Oil & Gas Props., L.P.*, Nos. H–09–3994, H–10–112, H–10–497, 2013 WL 265973, at *7 (S.D.Tex. Jan.17, 2013) ("indigency is not a reason to permit a losing party to avoid costs")).

[27] *Id.* (quoting *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.2006) ("Every circuit to address that question in a published opinion—the Fourth, Sixth, Seventh, Ninth and Tenth—has ruled that good faith, by itself, cannot defeat the operation of Rule 54(d)(1)) *E.A.F.F. v. United States*, No. SA–08–CA–124–XR, 2014 WL 2155263, at ——5–8 (W.D.Tex. May. 22, 2014) (when both parties acted in good faith, costs should be awarded); *Cox v. Waste Mgmt. of Tex., Inc.*, No. Civ. A. H–10–1626, 2013 WL 690849, at *1 (S.D.Tex. Feb.25, 2013); *Celanese Corp. v. Kellogg, Brown & Root, Inc.*, No. H–06–2265, 2009 WL 1810967, at *1 (S.D.Tex. June 25, 2009) (explaining that good faith alone does not justify denying costs)).

[28] *Id.* (citing *Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir.1999); *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 256–57 (5th Cir.1997) (affirming a cost award to a school district in an IDEA case despite the parents' argument that doing so would have a chilling effect on other parents' willingness to contest school decisions), *cert. denied*, 522 U.S. 1047, 118 S.Ct. 690, 139 L.Ed.2d 636 (1998); *see also Cox*, 2013 WL 690849, at *1; *Escopeta Oil & Gas Corp. v. Songa Mgmt., Inc.*, No. 1:06–cv–386, 2007 WL 171721, at *13 (E.D.Tex. Jan.17, 2007) (holding that "a potential chilling effect on seeking redress in court will not suffice to avoid an award of costs")).

[29] *Id.* at *3.

[30] *Id.* at *4.

resources, the nature of the case, and her good faith in filing it."[31] In reducing the costs by fifty percent, the court emphasized that it did not consider the defendant's wealth in reaching such a determination: "The court's cost-award reduction does not take into account or rest on Safety Vision's financial resources. Reducing a prevailing party's cost award based on its wealth is impermissible."[32]

In the present case, Defendant was awarded $7,432.44 in costs. Plaintiff has submitted evidence of his financial status and limited ability to pay such costs.[33] Notably, Defendant did not oppose Plaintiff's motion. Accordingly, the Court finds that it is in the interests of justice to reduce the costs taxed against Plaintiff in this matter by fifty percent (50%) based on his limited financial resources, the nature of the case, and lack of bad faith in filing this case.

Accordingly, Plaintiff's *Motion to Review Taxation of Costs*[34] is denied in part and granted in part. The motion is denied to the extent is seeks to deny costs to the Defendant; however, the motion is granted in the alternative, and the Clerk of Court is ordered to amend the costs taxed in the record to reflect this Court's ruling.

**IT IS SO ORDERED in** Baton Rouge, Louisiana, this 2nd day of July, 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[31] *Id.*
[32] *Id.* (citing *Moore*, 735 F.3d at 320)(The court distinguished the facts in *Jurach* from those in *Moore*, stating: "The court in *Moore* expressed concerns about reducing cost awards based on the nonprevailing party's relative lack of financial resources compared to the prevailing party. The record here is different … unlike *Moore*, the costs here are more than a 'few thousand dollars,' and Jurach is making far less than the *Moore* plaintiffs. This record provides better support for a cost-award reduction than the record in *Moore*.").
[33] Rec. Doc. 63-3.
[34] Rec. Doc. 63.